James BIGELOW, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, et al., Defendants.

Civ. A. No. 87–0118 (JHP/PJA).

United States District Court, District of Columbia.

April 6, 1988.

Jonathan Smith, Alexandria, Va., Christopher Hornig, Washington, D.C., for plaintiffs.

George C. Valentine, Judith K. Rayner, Mitchell B. Weitzman, Washington, D.C., for defendants.

## MEMORANDUM OPINION

PATRICK J. ATTRIDGE, United States Magistrate.

This civil action for damages arose out of a Metropolitan Police Department drug undercover criminal investigation known as "Carribean Cruise". The Plaintiffs contend they were the victims of unlawful residence searches. They seek an order compelling the Defendants to identify, or in the alternative to verify the identity of informants whose purchases of illegal drugs formed, in part, the probable cause basis for the issuance of criminal warrants for the search of the Plaintiffs' residences. The Defendants rely on the so-called informer's privilege to resist disclosure.

■ An informer's privilege exists in civil as well as criminal cases. *Suarez v. U.S.*, 582 F.2d 1007 (5th Cir.1978) and "is to be applied through a balancing test controlled by 'the fundamental requirements of fairness.'" (citations omitted). *U.S. v. Harley*, 682 F.2d 1018, 1020 (D.C.Cir.1982).

In the context of criminal law, "(i)t has been consistently held that an informant's identity need not be disclosed unless 'essential to the defense'" (citations omitted), *U.S. v. Russotti*, 746 F.2d 945, 949 (2nd Cir.1984). It would seem that this axiom is no less true in a civil proceeding wherein property interests rather than liberty interests are at stake.

The Plaintiffs contend that the investigative officers and/or the informants fabricated the information set forth in the affidavits in support of the search warrants that the informants purchased unlawful drugs at their residences. Indeed, they even question the very existence of the informants and, therefore, seek discovery of the identity of the informants or at least an in camera verification of their existence.

■ Discovery of informants in order to probe the credibility of one who reports on information alleged to have been furnished by the informants is an insufficient basis to overcome the informant's privilege. *See U.S. v. Soles*, 482 F.2d 105, 109 (2nd Cir.), cert denied, 414 U.S. 1027, 94 S.Ct. 455, 38 L.Ed.2d 319 (1973). "If regularly countenanced, it would evade the privilege, for an argument could always be made that disclosure is needed to challenge the credibility of the witness who reports the informants' declarations." *Id.* 746 F.2d at 950.

Moreover, during the course of discovery proceedings, the Plaintiffs have been given access to the investigative reports and evaluation of the Metropolitan Police Department's Internal Affairs Division, which seriously questions the reliability of some of the informants provided the Court in support of the applications for Carribean Cruise Operation search warrants. Therefore, the Plaintiffs are not wholly without evidence to undermine the lawfulness of the search warrants. On the other hand, the Defendants stress the continuing need for information and cooperation from the informants during presently on-going drug investigations which will be unavailable if their identity is disclosed and the danger to the safety of the informants, should their identity be made known.

On balance, and given the "fundamental requirements of fairness," the Plaintiffs have not identified any compelling need to justify the disclosure of the identity of the informants or the need to verify, even in camera, their existence. Accordingly, the motion to compel this aspect of discovery is denied.